Douglas v. Gonzales et al Doc. 9


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHAN DELANO DOUGLAS,

Petitioner,

v. CASE No. 8:06-CV-890-T-30TGW

ALBERTO GONZALEZ, etc., et al.,

Respondents.

REPORT AND RECOMMENDATION

In his Petition for Emergency Intervention in Deportation Proceedings (Doc. 3) and Petition for Injunction Granting Expedited/ Immediate Release (Conditionally) from Mandatory Detention and Enlargement of Time to Prepare Defense in Deportation Proceedings (Doc. 4), the petitioner, Rohan Delano Douglas, challenges his continued detention by the Department of Homeland Security during the pendency of his removal proceeding that was initiated as a result of his convictions for engaging in two criminal acts involving moral turpitude. He argues that his mandatory detention is unconstitutional and that his detention prevents him from preparing an adequate defense to his removal (Docs. 3, 4). These petitions

Dockets.Justia.com

have been referred to me for a report and recommendation (Doc. 8). Because the court lacks jurisdiction to review the detention Order, the petitions should be dismissed, and the case closed.

The petitioner is a native and citizen of St. Kitts in the British Virgin Islands (Doc. 5-2, Ex. B, p. 12). He was admitted into the United States in 1977 (id.). On February 5, 1987, the petitioner was convicted of larceny of a vehicle and, on August 5, 1996, he was convicted of grand theft (id.).[1] On November 30, 2005, removal proceedings were initiated against him (id. at pp. 9-10, 12, 13-14). The Notice of Removal charges the petitioner with being deportable from the United States based on convictions for these crimes which involve moral turpitude and do not arise out of a single scheme of criminal conduct (id. at p. 12).

Pending his removal proceedings, the petitioner is being detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("BICE") at the Manatee County Detention Facility.[2]

[1] According to a record of deportability, the petitioner has engaged in other criminal acts and his criminal record has been characterized as "lengthy" (Doc. 5-2, Ex. B, p. 13).

[2] The status of the removal proceedings is unclear. The petitioner mentions that a Master Hearing was scheduled for May 17, 2006 (see Doc. 3, p. 2).

After he was ordered detained (Doc. 5-2, Ex. B, p. 11), the petitioner was afforded a detention hearing before an Immigration Judge on March 1, and 2, 2006 (Doc. 5, p. 2, ¶2, pp. 6-7).[3] His request for release was denied (id. at p. 2). The petitioner has appealed this decision to the Board of Immigration Appeals ("BIA") (Doc. 5-2, Ex. A), and that appeal is pending (Doc. 3, p. 2). On May 11, 2006, the petitioner submitted these petitions for emergency intervention and a preliminary injunction (Docs. 3, 4), asking this court to also review his detention pending removal proceedings.[4]

The petitioner, however, has not exhausted his administrative remedies on his request for release from custody because his appeal before the

---

[3]In this connection, the governing regulations provide that, after an alien is taken into custody and mandatory detention is ordered, a hearing is provided if the alien claims he is not properly included within 8 U.S.C. 1226(c), the statute pursuant to which he is detained. Demore v. Kim, 538 U.S. 510, 514 (2003); 8 C.F.R. 236.1(d)(1), 1236.1(d)(1). At that hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crimes, or that the BICE is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention. Demore v. Kim, supra, 538 U.S. at 514, n. 3.

It appears that the petitioner received such a hearing on March 1, and 2, 2006. Accordingly, he had an opportunity to present to the Immigration Judge his (erroneous) argument that he is not properly included within §1226(c) because one of the convictions underlying the removal occurred prior to October 1998 (Doc. 5, p. 4, ¶I), and inform the Immigration Judge of his present attempt to overturn the other criminal conviction underlying the removal proceeding (see Doc. 7, p. 2).

[4]Notably, United States Magistrate Judge Mark A. Pizzo denied the petitioner's request to proceed *in forma pauperis* (Doc. 2). Nevertheless, the Clerk's Office has filed the petitions even though the filing fee apparently has not been paid.

BIA on that issue is still pending (see Doc. 3, p. 2). In this connection, it is noted that the petitioner's appeal to the BIA is authorized by the governing regulations. See 8 C.F.R. 236.1(d)(3); 1236.1(d)(3) (an alien may appeal to the BIA an Immigration Judge's custody and bond determination). Further, his appeal contains virtually the same arguments made to this court (compare Doc. 5-2, Ex. A with Doc. 5). Therefore, the petitioner should be required to exhaust this administrative remedy prior to seeking relief with this court. See McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992) ("the general rule [is] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts").

In any event, this court does not have jurisdiction to review the detention determination. Thus, although the petitioner has not provided the Immigration Judge's detention order, it is apparent that the petitioner's custodial status is governed by 8 U.S.C. 1226(c). That statute requires the Attorney General to take into custody and detain aliens with certain enumerated criminal convictions pending removal proceedings. Included in this list is any alien who, like the plaintiff, commits an offense covered in 8 U.S.C. 1227(a)(2)(A)(ii), namely, an alien who is convicted of two or more crimes involving moral turpitude not arising out of a single scheme of

criminal conduct. 8 U.S.C. 1226(c)(1)(B). Thus, under this statute, the petitioner is clearly not entitled to release from detention. Furthermore, the decision to detain the petitioner is not subject to review. 8 U.S.C. 1226(e). Specifically, §1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

In sum, based on the plain language of the governing statute, this court lacks jurisdiction to review this detention decision.

Moreover, the petitioner's claim that §1226(c)'s mandatory detention violates his right to due process under the Fifth Amendment (Doc. 4, p. 2) has been rejected by the Supreme Court in Demore v. Kim, supra, 538 U.S. 510. Thus, in Demore the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible ... process" that does not require an individualized determination of the risk the alien poses of flight or the danger he might pose to the community. Id. at 524-28, 531. In this connection, the Court stated that §1226(c)'s mandatory detention provision

furthers the government's legitimate purpose of preventing aliens from fleeing before the removal proceedings are completed. Id. at 528; see also id. at 513.

Furthermore, in this case, the petitioner was afforded an opportunity to show that he should not be detained under §1226(c). As indicated, he is presently appealing to the BIA the adverse decision at that hearing.

For the foregoing reasons, I recommend that the Petition for Emergency Intervention in Deportation Proceedings (Doc. 3) and the Petition for Injunction Granting Expedited/Immediate Release (Conditionally) from Mandatory Detention and Enlargement of Time to Prepare Defense in Deportation Proceedings (Doc. 4) be dismissed, and this case closed.

Respectfully submitted,

DATED: MAY 25, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).